IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03010-BNB

CORRI DITTIMUS, a/k/a DERRICK ANDERSON,

    Plaintiff,

v.

CORRECTIONAL EDUCATION CENTERS,
CHEYENNE MOUNTAIN RE-ENTRY CENTER,
MS. BOND, Director, Individual Capacity,
MR. QUIRLS, Case Manager, Individual Capacity,
SARGENT #1 (UNKNOWN), Individual Capacity,
SARGENT #2 (UNKNOWN), Individual Capacity,
MR. LA LONDE, Case Manager III, Individual Capacity, and
MS. HARMON, Case Manager, Individual Capacity,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Corri Dittimus, also known as Derrick Anderson, is a prisoner in the custody of the Colorado Department of Corrections at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Dittimus has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution were violated while he was incarcerated at the Cheyenne Mounty Re-entry Center in Colorado Springs, Colorado. He seeks damages as relief.

    The court must construe the Prisoner Complaint liberally because Mr. Dittimus is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated

`Case 1:12-cv-03010-MSK-KMT   Document 8   Filed 12/03/12   USDC Colorado   Page 2 of 5`

below, Mr. Dittimus will be ordered to file an amended complaint.

The Court has reviewed the Prisoner Complaint and finds that the Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

The Prisoner Complaint does not comply with the pleading requirements of Rule 8 because it is not clear which Defendant or Defendants Mr. Dittimus is asserting each claim against and it is not clear what each named Defendant did that allegedly violated Mr. Dittimus' constitutional rights. To the extent Mr. Dittimus is asserting an Eighth Amendment claim, he fails to allege what any Defendant or Defendants did or failed to do that subjected him to inhumane conditions of confinement. *See Farmer v. Brennan*,

511 U.S. 825, 832 (1994).  To the extent he is asserting a due process claim, it is not clear what each Defendant did that allegedly deprived Mr. Dittimus of a constitutionally protected interest in life, liberty, or property.  *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994).  To the extent he is claiming he was denied equal protection, it is not clear how Mr. Dittimus was treated differently than any similarly situated inmates.  *See Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996).  Construing the Prisoner Complaint liberally, it appears that Mr. Dittimus claims he was subjected to retaliation for exercising his constitutional right to file a grievance, *see Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998), but it is not clear what each named Defendant did or failed to do that would support a cognizable retaliation claim.

For these reasons, Mr. Dittimus will be ordered to file an amended complaint if he wishes to pursue his claims in this action.  For each claim he asserts, Mr. Dittimus "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Dittimus also is advised that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge

of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Mr. Dittimus should name as Defendants in his amended complaint only those persons that he contends actually violated his federal constitutional rights.

Finally, the court notes that two of the Defendants identified in the caption of the Prisoner Complaint, Correctional Education Centers and Cheyenne Mountain Re-Entry Center, do not appear persons subject to suit under 42 U.S.C. § 1983. It is not clear what Correctional Education Centers may be and Mr. Dittimus may not sue the Cheyenne Mountain Re-Entry Center itself for alleged violations of his constitutional rights committed by individuals who work at that facility. Accordingly, it is

ORDERED that Mr. Dittimus file, **within thirty (30) days from the date of this order**, an amended Prisoner Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8(a) as discussed in this order. It is

FURTHER ORDERED that Mr. Dittimus shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Dittimus fails to file an amended Prisoner Complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED December 3, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge