IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–03010–MSK–KMT

CORRI DITTIMUS a-k-a DERRICK ANDERSON,

    Plaintiff,

v.

MS. BOND, Program Director, Individual and Official Capacities, and
MR. LA LONDE, Case Management Supervisor, Individual and Official Capacities,

    Defendants.

## ORDER

This matter is before the court on Defendant LaLonde's[1] "Motion to Quash Service." (Doc. No. 27, filed Feb. 28, 2013.) For the following reasons, the Motion to Quash is GRANTED.

**RELEVANT PROCEDURAL HISTORY**

Plaintiff's Amended Prisoner Complaint (Doc. No. 9), filed December 17, 2012, asserts two claims for relief against Defendant LaLonde. Plaintiff is proceeding *in forma pauperis* in this case, pursuant to 28 U.S.C. § 1915. (Doc. No. 7.) Pursuant to 28 U.S.C. § 1915(d), "[t]he

---

[1] Although named as "Mr. La Londe" in Plaintiff's Amended Prisoner Complaint, Defendant LaLonde's name is correctly spelled "LaLonde." (Mot. Quash at 1.)

officers of the court shall issue and serve all process . . . in such cases." Accordingly, Plaintiff is entitled to have the United States Marshals Service effect service on his behalf.

On February 13, 2013, the United States Marshals Service filed a return of service indicating that Defendant LaLonde had been served with process. (Doc. No. 24.) More specifically, the return of service indicates that Defendant LaLonde was served with the Summons and Amended Complaint through Charity Dorsch, the Litigation Coordinator at Cheyenne Mountain Re-Entry Center ("CMRC"). (*Id; see also* Mot. ¶ 4.)

In his Motion to Quash, which was filed by way of a special appearance by and through his counsel, Defendant LaLonde argues that leaving the Summons and Amended Complaint with CMRC litigation coordinator was not adequate service under Federal Rule of Civil Procedure 4. More specifically, Defendant LaLonde argues that because he has not been employed with CMRC's parent company, Community Education Centers ("CEC") since October 2012, CMRC's litigation coordinator was not permitted to accept service on his behalf.

Plaintiff filed a Response to Defendant LaLonde's Motion to Quash on March 20, 2013. (Doc. No. 31.) On July 18, 2013, the court entered a minute order noting that the Motion to Quash failed to include any evidence that Defendant LaLonde had not been employed by CEC since October 2012. (Doc. No. 45.) The court nevertheless permitted Defendant LaLonde to file a Supplement to his Motion to Quash no later than July 29, 2013 and allowed Plaintiff to respond to the Supplement no later than August 8, 2013. (*Id.*) Defendant LaLonde's Supplement was timely filed on July 26, 2013. (Doc. No. 46.) Plaintiff did not respond to Defendant LaLonde's Supplement on or before August 8, 2013. Accordingly, this matter is ripe for the court's review.

## ANALYSIS

Service of process in a federal action is governed generally by Federal Rule of Civil Procedure 4.  Rule 4(e) covers service upon individuals located within a judicial district.  An individual may be served in any judicial district in the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
(2) doing any of the following:
    (A) delivering a copy of the summons and of the complaint to the individual personally;
    (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
    (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).  Colorado state law provides that personal service may be accomplished by, *inter alia*, leaving a copy of the summons and complaint "at the person's usual workplace, with the person's supervisor, secretary, administrative assistant, bookkeeper, human resources representative or managing agent."  Colo. R. Civ. P. 4(e)(1).

As the party challenging the service of process, Defendant LaLonde has the burden to prove that service upon him was inadequate.  *Costin Engineering Consultants, Inc. v. Latham*, 164 F.R.D. 521, 523 (D. Colo. 1996).  "Objections to the sufficiency of process 'must be specific and must point out in what manner the plaintiff has failed to satisfy the service provision utilized.'"  *O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394, 1400 (7th Cir. 1993) (quoting *Photolab Corp. v. Simplex Specialty Co.*, 806 F.2d 807, 810 (8th Cir. 1986)).  "A signed return of service constitutes *prima facie* evidence of valid service 'which can be overcome only by

strong and convincing evidence.'" *Id*. at 1398 (quoting *Hicklin v. Edwards,* 226 F.2d 410, 414 (8th Cir. 1955)).  Any affidavits submitted are to be construed, and any doubts are to be resolved, in the light most favorable to the plaintiff.  *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992).

Although the return of service filed by the United States Marshals Service constitutes *prima facie* evidence of valid service, the court finds that Defendant LaLonde has submitted strong and convincing evidence that demonstrates that service was not properly effectuated.  More specifically, Defendant LaLonde has submitted an uncontested Affidavit of Rebecca Stafford, a Human Resource Representative from CMRC, stating that a review of Defendant LaLonde's employment records demonstrates that Defendant LaLonde left his employment with CMRC on October 10, 2012, and was not employed with CMRC on February 7, 2013.  (Suppl., Ex. A-1, Aff. of Rebecca Stafford, ¶¶ 1-3.)  Because Defendant LaLonde was not employed by CMRC on February 7, 2013, CMRC's litigation coordinator did not have authority under Colorado Rule of Civil Procedure 4(e)(1) to accept service of process on behalf of Defendant LaLonde.  In addition, there is no indication that Defendant LaLonde has otherwise been served in accordance with Federal Rule of Civil Procedure 4(e).  Therefore, the court finds that Plaintif's attempted service on Defendant LaLonde was defective and should be quashed.  However, Defendant's counsel will be ordered to provide the last known address for Defendant LaLonde.

As a final matter, Fed. R. Civ. P. 4(m) requires service to be accomplished within 120 days after filing of the complaint.  It has been well over 120 days since Plaintiff's Amended

Complaint was filed. Nevertheless, at least one decision from this District has held that the filing of a motion to quash service of process tolls this 120-day period. *See Bruley v. Lincoln Property Co., N.C., Inc.*, 140 F.R.D. 452, 455 (D. Colo. 1991). As Plaintiff's Amended Complaint was filed on December 17, 2012, Plaintiff still had 47 days left to perfect service when Defendant LaLonde filed his Motion to Quash on February 28, 2013. Therefore, Plaintiff will be allowed 47 days from the date his counsel provides his last known address to properly effect service on Defendant LaLonde.

Therefore, for the foregoing reasons, it is

**ORDERED** that Defendant LaLonde's "Motion to Quash Service" (Doc. No. 27) is **GRANTED**. Service on Defendant LaLonde is hereby QUASHED. It is further

**ORDERED** that, no later than August 30, 2013, Defendant's counsel shall file, under restriction level 1, the last known address for Defendant LaLonde. Plaintiff shall have 47 days from the date Defendant's counsel files Defendant LaLonde's address to perfect service of process, through the United States Marshals Service, on Defendant LaLonde pursuant to Fed. R. Civ. P. 4.

Dated this 22nd day of August, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge